Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiff,
Deanna Cason

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEANNA CASON, an individual, | Case No.: '17CV0496 AJB NLS |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| EQUIFAX INC.; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC. | **1. THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** |
| Defendants. | |
| | **[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff DEANNA CASON ("Plaintiff"), through her attorneys, files this Complaint and brings this action against Defendants EQUIFAX INC. ("Equifax"), TRANS UNION LLC ("Trans Union"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") (collectively, "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15

**COMPLAINT**

U.S.C. § 1681a(g). Defendants' willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known were erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

**COMPLAINT**

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, in the State of California.
12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).
13. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
14. Defendant Equifax is a corporation incorporated in the State of Georgia.
15. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
16. Defendant Trans Union is a limited liability company organized in the State of Delaware.
17. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
18. Defendant Experian is a corporation incorporated in the State of Ohio.

## GENERAL FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.
20. At all times relevant to this matter, Defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS RE: MACYS/DNSB (49007039xxxx)

21. On or about November 9, 2016, Plaintiff became aware that Defendants Experian, Equifax and Trans Union were reporting a continuing obligation owed to Macy's/DNSB ("Macys") on Plaintiff's credit report.
22. On Plaintiff's credit report, Defendant Equifax is reporting this obligation

owed to Macy's/DSNB with a status of "Charge-off," a balance of $707 and an amount past due of $707, despite the fact that Plaintiff entered into a settlement agreement with Macy's through its counsel Hunt & Henrique to settle the account in full.  Defendant Equifax is reporting the settlement payment as paid in June 2015, which was two (2) months after Plaintiff actually made the settlement payment.  Additionally, there is no mention of the settlement in this tradeline.

23. On Plaintiff's credit report, Defendant Experian is reporting this obligation owed to Macy's with a status of "Account charged off. $2,831 written off. $707 past due as of Dec 2016," and a recent balance of "$707 as of Dec 2016," despite the fact that Plaintiff entered into a settlement agreement with Macy's through its counsel Hunt & Henrique to settle the account in full. Additionally, there is no mention of the settlement in this tradeline.

24. On Plaintiff's credit report, Defendant Trans Union is reporting this obligation owed to DSNB/Macy's with a status of "Charged Off," a balance reported in October 2016 of "$707," remarks of "Unpaid Balance Charged Off," and "high balance of $3,394 from 06/2015; $3,394 from 01/2016 to 10/2016," despite the fact that Plaintiff entered into a settlement agreement with Macy's through its counsel Hunt & Henrique to settle the account in full, and made the settlement payment prior to June of 2015.  Additionally, there is no mention of the settlement in this tradeline.

25. Subsequently, on or about December 5, 2016, Plaintiff disputed this alleged obligation on Plaintiff's credit reports with Defendants via written communications.

26. Defendant Trans Union, upon receiving notice of Plaintiff's dispute, failed to respond entirely with respect to the disputed information as required by the

FCRA.

27. Defendants failed to conduct a reasonable investigation with respect to the disputed information, as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiff.

28. Defendants' conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

29. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures pursuant to 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

30. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681 ET SEQ.
### [AGAINST ALL DEFENDANTS]

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

32. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

**COMPLAINT**

33. Defendants' violations include, but are not limited to, Defendants' violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiff.

34. Defendants' conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

35. As a result of each and every negligent violation of the FCRA, Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

36. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

37. For each incident of willful noncompliance:

    A. An award of actual damages in an amount to be determined at trial, or damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) against each Defendant for each incident of willful non-compliance of the FCRA;

    B. An award of punitive damages as the Court may allow pursuant to 15

U.S.C. § 1681n(a)(3) against Defendants for each incident of willful noncompliance of the FCRA;

C. An award for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) against Defendants for each incident of negligent noncompliance of the FCRA;

D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

E. Any and all other relief the Court deems just and proper.

Dated: March 10, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

  */s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Deanna Cason

**COMPLAINT**

## TRIAL BY JURY

38. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and respectfully demands, a trial by jury.

Dated: March 10, 2017

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Deanna Cason

**COMPLAINT**